JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Jon Sosdjan

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven F. Marino, 301 Wharton Street, Philadelphia, PA 19147

**DEFENDANTS**
City of Philadelphia & Ned Felici in his individual capacity and as an agent of the City of Philadelphia

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Amanda Shoffel

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
45 U.S.C. Sec 1983
Brief description of cause:
Civil Right Violcation under 42 U.D.C. Sec 1983

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 05/04/2011 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 533 Disston Street, Philadelphia, PA 19111

Address of Defendant: **Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102**

Place of Accident, Incident or Transaction: **Philadelphia, PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)). Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒
*RELATED CASE IF ANY*:

Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and AllOther Contracts
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Amanda Shoffel, counsel of record do hereby certify:

☐ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/4/2011 | Amanda Shoffel, Attorney-at-Law | 306956, Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/4/11

**Amanda Shoffel, Esquire**
Attorney-at-Law

306956
Attorney I.D. #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JON SOSDJAN** **Civil Action**

**v. City of Philadelphia and**
**Need Felicia, in his individual capacity**
**and an agent of the City of Philadelphia**

**No.**

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( **X** )

| | | |
|---|---|---|
| May 4, 2011 | **Amanda Shoffel, Esquire** | **City of Philadelphia** |
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5443** | **(215) 683-5397** | **amanda.shoffel@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JON SOSDJAN**<br>**533 Diston Street**<br>**Philadelphia, PA 19111**<br>**Plaintiff** | **Civil Action**<br><br>**NO: ________________** |
| **V.** | Formerly |
| **City of Philadelphia**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102**<br><br>**Ned Felicia, in his individual capacity and an agent of the City of Philadelphia**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102**<br><br>**Defendants** | **Court of Common Pleas**<br>**Philadelphia County**<br>**Trial Division – Civil**<br>**March Term 2011**<br><br>**No. 1848** |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, and Ned Felici, in his individual capacity as an agent of the City of Philadelphia, (hereinafter "petitioners") through their counsel, Amanda Shoffel, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. In March 2011, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, March 2011, No. 1848. (Exhibit A - Complaint).

2. On April 20, 2011, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on April 21, 2009, he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since

Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioners, City of Philadelphia, and Ned Felici, in his individual capacity as an agent of the City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

**Amanda Shoffel, Esquire**
**Assistant City Solicitor**
**Attorney I.D. No. 306956**
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443

Date: May 4, 2011

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JON SOSDJAN**<br>**533 Diston Street**<br>**Philadelphia, PA 19111**<br>**Plaintiff** | **Civil Action**<br><br>**NO: ________________** |
| **V.** | Formerly |
| **City of Philadelphia**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102**<br><br>**Ned Felicia, in his individual capacity and an agent of the City of Philadelphia**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102** | **Court of Common Pleas**<br>**Philadelphia County**<br>**Trial Division – Civil**<br>**March Term 2011**<br><br>**No. 1848** |
| **Defendants** | |

**NOTICE OF FILING OF REMOVAL**

TO: Steven F. Marino
Marino, Conroy & Coyle
301 Wharton Street
Philadelphia, PA 19147

PLEASE TAKE NOTICE THAT on May 4, 2011 , defendants, City of Philadelphia, and Ned Felici, in his individual capacity as an agent of the City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**Amanda Shoffel, Esquire**
**Attorney I.D. No. 306956**
City of Philadelphia Law Department

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

**JON SOSDJAN**
**533 Diston Street**
**Philadelphia, PA 19111**
**Plaintiff**

**V.**

**City of Philadelphia**
**1515 Arch Street**
**Philadelphia, PA 19102**

**Ned Felicia, in his individual capacity**
**and an agent of the City of Philadelphia**
**1515 Arch Street**
**Philadelphia, PA 19102**

**Defendants**

**Civil Action**

**NO: ________________**

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**March Term 2011**

**No. 1848**

**CERTIFICATE OF SERVICE**

I, Amanda Shoffel, Assistant City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO: Steven F. Marino
Marino, Conroy & Coyle
301 Wharton Street
Philadelphia, PA 19147

Date: May 4, 2011

**Amanda Shoffel**
**Assistant City Solicitor**
**Attorney I.D. No. 306956**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

# Exhibit "A"

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
# COURT OF COMMON PLEAS OF PHILADELPHIA

| | | |
|---|---|---|
| JON SOSDJAN<br><br>Plaintiff<br><br>v<br><br>√ CITY OF PHILADELPHIA and<br>√ NED FELICI, in his individual capacity and as an agent of the City of Philadelphia<br><br>Defendants | : | MARCH TERM 2011<br><br>No. 1848 |

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

**MARINO, CONROY & COYLE**
**BY:** STEVEN F. MARINO, ESQUIRE
ATTORNEY I.D. 53034
DAVID H. CONROY, ESQUIRE
ATTORNEY I.D. 73202
301 WHARTON STREET
PHILADELPHIA, PA 19147
(215) 462-3200
Attorneys for Plaintiff

| | |
|---|---|
| JON SOSDJAN<br><br>Plaintiff<br><br>v<br><br>CITY OF PHILADELPHIA and NED FELICI, in his individual capacity and as an agent of the City of Philadelphia<br><br>Defendants | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY – CIVIL ACTION AT LAW<br><br>MARCH TERM 2011<br><br>No. 1848 |

## COMPLAINT - CIVIL ACTION

AND NOW comes the plaintiff Jon Sosdjan, by and through his attorneys, Marino, Conroy & Coyle and demands of the defendants, jointly and severally, damages for loss sustained, plus interest, costs and damages for prejudgment delay upon the causes of action set forth in the following:

## INTRODUCTION

1. This action for money damages is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. §§1983 and 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the common law of the Commonwealth of Pennsylvania against the City of Philadelphia and Philadelphia Police Officer Ned Felici in his individual capacity and as an agent of the City of Philadelphia.

## JURISDICTION AND VENUE

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. §1983 and 42 U.S.C.A. §1985.

3. This Court maintains original jurisdiction over the instant claims pursuant to 42 Pa.C.S.A. §7361 as a result of the amount in controversy exceeding $50,000.00.

4. Venue of this matter is properly laid in this judicial district pursuant to Pa.R.C.P.No. 1006 and Pa.R.C.P.No 2179 as a result of a substantial part of the events or omissions giving rise to the claims set forth herein having occurred in this judicial district.

## PARTIES AND RELATED ENTITIES

5. The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

6. Plaintiff Jon Sosdjan is an adult individual and a resident of the Commonwealth of Pennsylvania in this judicial district.

7. Defendant City of Philadelphia is a city of the First Class the exercising or performing government functions, powers or responsibilities other than that of the Commonwealth government and has a registered office for process of service located 1515 Arch Street, Philadelphia, PA. At all material times relevant hereto defendant City of Philadelphia acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.

8. Defendant Ned Felici is an adult individual and was at all material times relevant hereto employed by defendant City of Philadelphia and acting under the color of state and/or

local law. At all material times relevant hereto defendant Ned Felici was a member of the Philadelphia Police Department. These causes of action are advanced against him in his professional and individual capacity.

**GENERAL ALLEGATIONS**

9. The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

10. On or about April 21, 2009, at about 9:30 pm, plaintiff Jon Sosdjan was operating a motor vehicle traveling northbound on Tabor Avenue, Philadelphia, Pa approaching the intersection of Tabor Avenue and Cottman Avenue.

11. During the course of making a right hand turn turning from Tabor Avenue onto to Cottman Avenue, the front end of plaintiff Jon Sosdjan's vehicle struck rear quarter panel a marked radio patrol car operated by defendant Philadelphia Police Officer Ned Felici, Badge # 1759.

12. During the course of investigating the motor vehicle accident, defendant Philadelphia Police Officer Ned Felici detected an odor of alcohol emanating from the breath of plaintiff Jon Sosdjan.

13. Defendant Philadelphia Police Officer Ned Felici exercised his police power, and handcuffed plaintiff Jon Sosdjan behind his back and placed him in the rear of his radio patrol car.

14. With the intent and purpose to cause plaintiff Jon Sosdjan harm and discomfort, defendant Philadelphia Police Officer Ned Felici placed the handcuffs on plaintiff Jon Sosdjan

unnecessarily tight.

15. With the intent and purpose to cause plaintiff Jon Sosdjan harm and discomfort, defendant Philadelphia Police Officer Ned Felici placed the handcuffs on plaintiff Jon Sosdjan in a manner forcing plaintiff Jon Sosdjan to maintain a position with his hands behind his back for an extended period of time despite the limited range of motion of his shoulder joint capsules.

16. The constriction of the handcuffs caused plaintiff Jon Sosdjan to develop swelling, bruising, abrasions, tingling and numbness sensations, severe and continued pain in both wrists and eventually causing him to lose the feeling in his hands and fingers.

17. The forced position of his shoulder joints caused plaintiff Jon Sosdjan him to develop bi-lateral pain across his shoulders and down his arms.

18. Plaintiff Jon Sosdjan repeatedly complained to defendant Philadelphia Police Officer Ned Felici of his discomfort.

19. Plaintiff Jon Sosdjan repeatedly complained to defendant Philadelphia Police Officer Ned Felici that he experienced a loss of feeling in his left hand and fingers.

20. Plaintiff Jon Sosdjan repeatedly complained to defendant Philadelphia Police Officer Ned Felici of that that he experienced severe pain in shoulders and arms.

21. Defendant Philadelphia Police Officer Ned Felici chose to not alleviate the impingement caused by the constriction of the handcuffs.

22. Police Officer Ned Felici required plaintiff Jon Sosdjan remained handcuffed at the scene as defendant Philadelphia Police Officer Ned Felici investigated the accident site.

23. Plaintiff Jon Sosdjan was transported from the accident scene to Nazareth Hospital in a police wagon operated by unknown Philadelphia police officers.

24. Plaintiff Jon Sosdjan repeatedly complained to the transport officers of his discomfort.

25. Plaintiff Jon Sosdjan repeatedly complained to the transport officers that he had experienced a loss of feeling in his left hand and fingers.

26. Plaintiff Jon Sosdjan repeatedly complained to the transport officers that he experienced severe pain in shoulders and arms.

27. The transport officers chose to do nothing to alleviate his discomfort, requiring that plaintiff Jon Sosdjan remained handcuffed with unnecessarily tight constriction and in a painful and agonizing position in excess of an hour.

28. At all material times relevant to the subject matter described in this Complaint, defendant Philadelphia Police Officer Ned Felici and other unknown Philadelphia police officers were engaged in a joint venture.

29. As a direct and proximate result of the actions aforementioned the plaintiff was caused to suffer serious and permanent injury to nerve tissue impacting upon the use of his left hand and digits 3, 4 and 5 of his left hand, to nerve tissue impacting upon the use of his right hand and digit 5 of his right hand, weakness, lack of use, loss of function of the digits, persistent tingling and numbness sensations in the effected digits, among other injury, prolonged physical pain, discomfort, trauma, emotional distress, sleeplessness, anxiety, inability to perform simple activities of daily living, and a fear of and distrust of law enforcement authorities, some or all of which may be permanent and which may continue indefinitely into the future.

30. As a direct and proximate result of the actions aforementioned the plaintiff has been required to undergo prolonged outpatient healthcare, medical evaluations and may require

further treatment in the future.

31. As a direct and proximate result of the actions aforementioned the plaintiff was caused to suffer a loss of life's pleasures which may continue indefinitely into the future.

32. As a direct and proximate result of the actions aforementioned the plaintiff was caused to incur legal expense in prosecuting the instant cause of action.

**COUNT I**
**VIOLATIONS OF CIVIL RIGHTS - 42 U.S.C.A. §1983**
**(Plaintiff v City of Philadelphia)**

33. The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

34. Defendant City of Philadelphia, as a matter of custom, practice, or policy has with deliberate indifference failed to adequately train or otherwise direct Philadelphia police officers concerning the constitutional rights of persons, such as the plaintiff, and has so caused the defendant Philadelphia police officers in the instant matter to engage in the unlawful conduct described above.

35. Defendant City of Philadelphia, as a matter of custom, practice, or policy has with deliberate indifference failed to adequately discipline or sanction Philadelphia police officers, including but not limited to, the named defendants in the instant matter, for violations of the constitutional rights of persons, such as the plaintiffs, and has so caused the defendant Philadelphia police officers in the instant matter to engage in the unlawful conduct described above.

36. Defendant City of Philadelphia, as a matter of custom, practice, or policy has with deliberate indifference failed to adequately discipline or sanction Philadelphia police

officers, including but not limited to the defendants named in the instant matter, who are aware of and subsequently stand idle or otherwise conceal violations of the constitutional rights of persons, such as the plaintiff, and has so caused the defendant Philadelphia police officers in the instant matter to engage in the unlawful conduct described above.

37. The custom, practice, or policy of the defendant City of Philadelphia in inadequately disciplining and sanctioning its Philadelphia police officers who violate the constitutional rights of persons, such as the plaintiffs, has caused an insufficient measure of deterrence and discouragement of the further commission of constitutional violations by defendant Philadelphia Police Officer Ned Felici.

38. It was the custom, practice, or policy of the defendant City of Philadelphia not to require appropriate in-service training or re-training of police officers who were known to have engaged in law enforcement misconduct.

39. It was the custom, practice, or policy of the defendant City of Philadelphia to inadequately train its employee police officers, including the named defendant police officers, thereby failing to adequately discourage constitutional violations on the part of the police officers.

40. It was the custom, practice, or policy of the defendant City of Philadelphia to inadequately train its employee police officers, including the named defendant police officers, against a code of silence or "blue code" of police officers in refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow police officers.

41. As a direct and proximate result of the above described customs, practices, or

policies, law enforcement officers of the City of Philadelphia, such as the named defendant Philadelphia police officer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. The above described customs, practices, or policies demonstrated a deliberate indifference on the part of the policy makers of the defendant City of Philadelphia to the constitutional rights, specifically the right against excessive force protected by the Fourth and Fourteenth amendments of the United States Constitution.

43. As a direct and proximate result of the above described customs, practices, or policies, employed by the City of Philadelphia, the plaintiff has been caused to suffer a deprivation of constitutional rights secured by the Fourth and Fourteenth amendments of the United States Constitution and those various injuries, loss and expenses as set forth above.

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against the defendant the City of Philadelphia, jointly and severally, and award the relief which follows:

I. That the plaintiff be awarded compensatory damages as proven;

II. That the plaintiff be awarded reasonable attorneys fees as provided for pursuant to 42 U.S.C.A. §1988;

III. That the plaintiff be awarded costs and expenses incurred in prosecuting this matter;

IV. That the plaintiff be awarded any further relief as this Court may deem just and appropriate.

**COUNT II**
**VIOLATIONS OF CIVIL RIGHTS - 42 U.S.C.A. §1983**
**(Plaintiff v Ned Felici)**

44. The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

45. At all material times relevant to the subject matter described in this Complaint defendant Ned Felici acted under the color of state law.

46. Defendant Ned Felici owed the plaintiff a statutory duty pursuant to 42 U.S.C.A. §1983, not to act in a manner which violated a right of plaintiff secured the United States Constitution.

47. The aforementioned force exercised by defendant Ned Felici against the plaintiff was unjustified.

48. The aforementioned force exercised by defendant Ned Felici against the plaintiff was carried out in bad faith.

49. The aforementioned force exercised by defendant Ned Felici against the plaintiff was could not have plausibly been thought necessary to maintain or restore discipline.

50. The aforementioned force exercised by defendant Ned Felici against the plaintiff was sadistically and maliciously employed for the very purpose of causing harm.

51. The aforementioned force exercised by defendant Ned Felici against the plaintiff was sadistically and maliciously employed for the very purpose of inflicting pain.

52. The actions of defendant Ned Felici described above violated the plaintiff's rights as protected by the Fourth and Fourteenth amendments of the United States Constitution.

53. The actions of defendant Ned Felici described above were willful.

54. The actions defendant Ned Felici described above were intentional.

55. As a direct and proximate result of the defendant Ned Felici's actions the plaintiff was caused to suffer a deprivation of a constitutional right and those various injuries, loss and expenses as set forth above.

WHEREFORE, the plaintiff request that this Court enter judgment in his favor and against the defendant Ned Felici jointly and severally and award the relief which follows:

I. That the plaintiff be awarded compensatory damages as proven;

II. That the plaintiff be awarded punitive damages as proven;

III. That the plaintiff be awarded reasonable attorneys fees as provided for pursuant to 42 U.S.C.A. §1988;

IV. That the plaintiff be awarded costs and expenses incurred in prosecuting this matter;

V. That the plaintiff be awarded any further relief as this Court may deem just and appropriate.

**COUNT III**
**Plaintiff v Ned Felici**
**(Assault and Battery)**

56. The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

57. Without lawful justification defendant Ned Felici intentionally and knowingly employed his handcuffs as weapon to inflict bodily injury and suffering upon the plaintiff.

58. Without lawful justification defendant Ned Felici intentionally and knowingly caused the plaintiff to suffer bodily injury.

59. The aforementioned conduct of defendant Ned Felici was willful.

60. The aforementioned conduct of defendant Ned Felici was intentional.

61. The aforementioned conduct of defendant Ned Felici was undertaken with bad motive or in conscious disregard of a high degree of risk to the welfare of the plaintiff.

62. As a direct and proximate result of the defendant Ned Felici's actions the plaintiff was caused to suffer those various injuries, loss and expenses aforementioned.

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against the defendant Ned Felici, jointly and severally, and award the relief which follows:

I. That plaintiff be awarded compensatory damages as proven;

II. That plaintiff be awarded punitive damages;

III. That plaintiff be awarded reasonable attorneys fees;

IV. That plaintiff be awarded the cost of prosecuting this claim;

V. That plaintiff be awarded interest and damages for prejudgment delay.

VI. That plaintiff be awarded further relief as this Court may deem appropriate.

Respectfully submitted,

MARINO, CONROY & COYLE
301 Wharton Street
Philadelphia, Pa 19147
Telephone: (215) 462-3200
Telecopier: (215) 462-4763

By: ______________________________

Steven F. Marino, Esquire
PA. Identification # 53034
David H. Conroy, Esquire
PA. Identification # 53034
Attorneys for plaintiff

Dated: 4-18-11

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the facts set forth in the forgoing pleading are based on information furnished to counsel in the course of this proceeding and are true and accurate to the best of the knowledge, information and belief of the undersigned. The language of the pleading is that of counsel and not of the undersigned. To the extent that contents of the pleading are that of counsel, the undersigned has relied upon counsel in providing this verification. This Verification is executed subject to the penalties for unsworn falsification to authorities pursuant to 18 Pa.C.S.A 4904.

Respectfully submitted,

______________________

**MARINO, CONROY & COYLE**
**BY:** STEVEN F. MARINO, ESQUIRE
ATTORNEY I.D. 53034
DAVID H. CONROY, ESQUIRE
ATTORNEY I.D. 73202
301 WHARTON STREET
PHILADELPHIA, PA 19147
(215) 462-3200

Attorneys for Plaintiff

| | |
|---|---|
| JON SOSDJAN<br><br>Plaintiff<br><br>v<br><br>CITY OF PHILADELPHIA and NED FELICI, in his individual capacity and as an agent of the City of Philadelphia<br><br>Defendants | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY – CIVIL ACTION AT LAW<br><br>MARCH TERM 2011<br><br>No. 1848 |

**CERTIFICATE OF MAILING**

I certify that on the below listed date I caused to be deposited in the United States mail a sealed envelope containing a copy of the foregoing Complaint and supporting papers upon the persons and in a manner indicated below, which satisfies the requirements of Pa.R.C.P.No. 440.

Regular Mail:
Craig Straw, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
[counsel for defendants]

**MARINO, CONROY & COYLE**

By: ______________________
STEVEN F. MARINO, ESQUIRE

Dated: 4-18-11